IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

JOYCE WALTON,
    Plaintiff,

v.                                          Civil Action No. 5:14-CV-106
                                                            (BAILEY)

WHEELING TREATMENT CENTER, LLC,
CRC HEALTH GROUP, INC., and
BAIN CAPITAL, LLC.,
    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING CRC HEALTH GROUP, INC., AND BAIN CAPITAL, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Currently pending before this Court is Defendants CRC Health Group, Inc.'s ("CRC Health Group") and Bain Capital, LLC's ("Bain") Motion to Dismiss filed on September 26, 2014. [Doc. 13]. Pursuant to LR Civ. P. 7.02 (b), plaintiff had an opportunity to file a response within fourteen (14) days, which plaintiff failed to do. Because the time to file a response has passed, the instant motion is ripe for adjudication. This Court has reviewed the Complaint, and Defendants CRC Health Group's and Bain's motion to dismiss and, for the reasons set out below, concludes that the Motion should be **GRANTED**.

**I. BACKGROUND**

**A.**     **Factual Allegations**

This case stems from plaintiff's termination from defendant Wheeling Treatment Center, LLC, where she worked as a licensed practical nurse. Compl. ¶ 6-8, Doc. 1 at 9. Plaintiff alleges that, on February 11, 2014, she tested a patient's urine for outside drugs. *Id.* at ¶ 9. The patient tested positive for Benzodiazepines and Methadone. Because the

1

patient tested positive for these substances, plaintiff refused to distribute Methadone to the patient. After complaints from the patient, plaintiff showed the results from the urine sample to another nurse, Gina Minch, who confirmed the positive results for Methadone and Benzodiazepine. *Id.* at ¶ 10-11.

The clinical supervisor, Michelle Gorby, also looked at the urine test strip, and she sought the opinion of Charles Clark, Director of the Wheeling Treatment Center, LLC. Charles Clark and Michelle Gorby looked at the strip and decided it was not positive for Benzodiazepine. Thereafter, Charles Clark directed Gina Minch to call Dr. Schultz and advise him that the urinalysis for the patient tested positive for only Methadone so that the patient could receive a Methadone treatment. *Id.* at ¶ 13-16. Plaintiff refused to give the patient a dose of Methadone because she believed that it was adverse to the patient's best interests. However, Gina Minch was coerced by Charles Clark and Michelle Gorby into giving the patient the Methadone. *Id.* at ¶ 22.

Plaintiff was so upset by the dosing of the patient after he tested positive for Benzodiazepine that she clocked out thirty minutes before her shift was scheduled to end. Plaintiff alleges that Gina Minch and another LPN regularly clocked out thirty minutes before their shifts were scheduled to end. *Id.* at ¶ 24.

Plaintiff's employment was terminated on February 18, 2014, by Charles Clark. Plaintiff alleges that the defendants' representation that plaintiff's termination was for clocking out early was merely a pretext for age discrimination. *Id.* at ¶ 37. Plaintiff also alleges that her employment was terminated because she advocated on behalf of the patient with respect to care. *Id.* at ¶ 33.

**B.     Procedural History**

On August 11, 2014, the defendants removed this action from the Circuit Court of Ohio County, West Virginia, based upon diversity jurisdiction. [Doc. 1]. Following removal, defendants Bain and CRC Health Group filed the instant motion to dismiss the plaintiff's claim against them. [Doc. 14]. Defendants Bain and CRC Health Group's motion argues for dismissal for lack of personal jurisdiction and failure to state a claim for which relief can be granted. Because this Court finds that it lacks personal jurisdiction over defendants Bain and CRC Health Group, it will not address the merits of the defendants' Fed. R. Civ. P. 12(b)(6) argument.

## II.  STANDARD OF REVIEW

When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." ***Combs v. Bakker***, 886 F.2d 673, 676 (4th Cir. 1989).   However, when the "the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." ***Id.***  This Court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." ***Id.***

## III.   DISCUSSION

A plaintiff must make two showings to establish personal jurisdiction over a non-consenting, non-resident defendant.  First, a plaintiff must show that a statute makes the

3

defendant amenable to process. See **Consulting Eng'rs Corp. v. Geometric Ltd.**, 561 F.3d 273, 277 (4th Cir. 2009) ("A federal district court may only exercise personal jurisdiction over a foreign corporation if such jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment."). Second, maintenance of the suit in the forum must be consistent with traditional notions of fair play and substantial justice embodied in the Due Process Clause of the United States Constitution. See **Int'l Shoe Co. v. Washington**, 326 U.S. 310, 320 (1945). Because West Virginia's long-arm statute provides jurisdiction to the full extent allowable under the United States Constitution, see W. VA. CODE § 56-3-33, the Court need only consider whether the exercise of personal jurisdiction would comport with the Due Process Clause. In the present case, the plaintiff failed to respond to the instant motion, thus, this Court must determine whether plaintiff has made a prima facie showing of personal jurisdiction based on the Complaint alone.

**A.    General Jurisdiction**

General jurisdiction is exercisable when the defendant has continuous and systematic contacts with the forum state. The hallmark of general jurisdiction is that the defendants' contact with the forum state is so extensive that it should foresee being hailed into court. See **World-Wide Volkswagon Corp. v. Woodson**, 444 U.S. 286, 297 (1980).

In the Complaint, plaintiff sets forth that defendant CRC Health Group is not registered to do business in West Virginia, and its principal place of business is located in Cupertino, California. Compl. ¶ 3. It is a wholly owned subsidiary of defendant Bain, which has its principal place of business in Massachusetts. Compl. ¶ 4.

When reviewing the complaint, no facts are alleged for this Court to infer that either Bain or CRC Health Group have systematic and continuous contacts with West Virginia. Accordingly, this Court finds that it does not have general jurisdiction over the defendants Bain or CRC Health Group.

**B.    Specific Jurisdiction**

Next, this Court must consider whether specific jurisdiction will permit this Court to exercise personal jurisdiction over defendants Bain and CRC Health Group.  The Fourth Circuit laid out a three-part test to determine whether exercise of specific personal jurisdiction is constitutionally appropriate. *See* **Consulting Eng'gs Corp. v. Geometric Ltd.**, 561 F.3d 273, 277 (4th Cir. 2009). The Court considers "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." ***Id.*** (quoting **ALS Scan, Inc. v. Digital Serv. Consultants, Inc.**, 293 F.3d 707, 712 (4th Cir. 2002)).  The Fourth Circuit set forth a nonexclusive list of factors that Courts should consider when analyzing whether a business purposefully availed itself in the forum state, some of which include, whether the defendant maintains offices or owns property in the forum state, whether the defendant solicits business in the forum state, and whether the parties perform contractual duties in the state. ***Id.*** at 278 (citations omitted).

Both defendants filed affidavits accompanying the instant motion.  Defendant CRC Health Corporation's Chief Financial Officer states that CRC Health Group neither employs anyone nor owns any real property in West Virginia. Defs' Mem. In Supp. Mt. to Dismiss

5

Ex. A.  Further, it states that CRC does not conduct or solicit business in West Virginia.  *Id.* Defendant Bain's Managing Director and General Counsel states that defendant Bain does not have a direct parent or subsidiary relationship to Wheeling Treatment Center, LLC.  Defs' Mem. In Supp. Mt. to Dismiss Ex. B.  Like CRC Health Group, Bain neither employs anyone nor owns any property in West Virginia.  *Id.*

The Complaint alleges that plaintiff worked for only Wheeling Treatment Center, LLC.  In addition to the parent-subsidiary relationships outlined above, the Complaint's only other alleged connection between Wheeling Treatment Center, LLC, Bain, and CRC Health Group is that the defendants "are involved in a joint venture or agency relationship regarding the operation of the Wheeling Treatment Center, LLC . . .." Compl. ¶ 5.  This conclusory statement lacks any factual support for this Court to find that CRC Health Group and Bain have sufficient minimum contacts to West Virginia.

Although it appears that defendant Wheeling Treatment Center, LLC, has some type of business entity connection with defendants Bain and CRC Health Group, this alone will not provide a basis for personal jurisdiction.  As a general rule, a subsidiary and its parent are separate entities for jurisdictional purposes and their contacts "must be assessed individually" for the purposes of analyzing jurisdiction.  **Keeton v. Hustler Magazine, Inc.**, 465 U.S. 770, 781 n.13 (1984).  "It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." **United States v. Bestfoods**, 524 U.S. 51, 61 (1998) (internal citation omitted).

Quite simply, the plaintiff fails to allege any facts that indicate defendants CRC

6

Health Group and Bain purposefully availed themselves of the privilege of conducting business in West Virginia, thus the plaintiff fails to meet her burden. "Although the place that the plaintiff feels an alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." ***ESAB Group, Inc. v. Centricut, Inc.***, 126 F.3d at 617, 626 (4th Cir. 1997). Here, plaintiff fails to allege that her injury was accompanied by defendants Bain and CRC Health Group's own contacts with West Virginia. In light of the Court's conclusion above that defendants Bain and CRC Health Group lack sufficient minimum contacts with the State of West Virginia, this Court must necessarily find that its exercise of jurisdiction over these defendants would fail to comport with traditional notions of fair play and substantial justice.

### IV. CONCLUSION

For the foregoing reasons, this Court finds that defendants CRC Health Group, Inc.'s and Bain Capital, Inc.'s Motion to Dismiss **[Doc. 13]** should be, and hereby is, **GRANTED**. Accordingly, defendants CRC Health Group, Inc. and Bain Capital, Inc. are hereby **DISMISSED** from the above-styled action.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: October 31, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE